STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| Town of Hartford,<br>        Plaintiff, | } } } } } | |
| v. | } } | Docket No. 72-3-00 Vtec |
| Marc and Susan Wood,<br>        Defendants. | } } } } | |
| In re: Appeal of<br>        Marc and Susan Wood | } } } } } } | Docket No. 37-2-00 Vtec |

Decision and Order on Petition for Preliminary Injunction

In Docket No. 72-3-00 Vtec, the Town of Hartford has sought a preliminary and a permanent injunction and fines against Defendants. In Docket No. 37-2-00 Vtec, Appellants Marc and Susan Wood appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Hartford, upholding the Notice of Violation regarding the matters which are the subject of the enforcement action in Docket No. 72-3-00 Vtec. The two related matters, both relating to Phase II of Defendants' project, have been consolidated for hearing. In addition, Appellants have appealed from a decision of the Planning Commission regarding Phase III of their project, but as of Friday, April 28, 2000, the date of the preliminary injunction hearing in this matter, the third case had not yet arrived at the Environmental Court and had not been assigned a docket number.

The Town of Brandon is represented by Amanda S.E. Lafferty, Esq. and Stephen Stitzel, Esq.; Defendant-Appellant Marc Wood appeared and represented himself. An evidentiary preliminary injunction hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit with the parties. At the site visit, the Court issued an oral order governing the work on the site over the weekend of April 29-30,

1

allowing Defendants to re-stack the concrete slabs at the westerly end of the site, but allowing only such work on the embankment as necessary to render it more stable during those two days.

Upon consideration of the evidence and the site visit, the Court finds and concludes as follows, as to the preliminary injunction request **only**. At the hearing, the Town requested that Defendant-Appellants be enjoined from bringing onto the site any more construction materials, and that they do no more site work until what the Town characterizes as "the wall" is removed. Defendant-Appellants have been receiving concrete slabs for use on the site as a nearby bridge is dismantled and repaired, and the next expected shipment of these materials is expected on or about May 8.

Defendant-Appellants hold site plan approval from the Planning Commission for Phase II of a project on a parcel of property located at 194 Maple Street (Route 14). The property is a steep and narrow lot with frontage on Route 14 and frontage on West Mill Hill Road (or Alber Drive) some 35 vertical feet below. The project consists of a diner, an addition on the south of the diner for what is shown on the plan as a proposed private club, and a separate proposed retail store, with associated parking. The site plan was admitted into evidence, but neither party submitted the Planning Commission's approval of Phase II, whether as minutes or in decision form. Therefore the Court does not have in evidence what conditions and safeguards, if any, were imposed by the Planning Commission under §4-1 of the Zoning Regulations, except to the extent that they appear written in various places on the site plan itself. In particular, the Court has not been presented with any conditions governing the placement of construction materials on the site, the stabilization of the embankment during construction, or the timing or staging of any of the construction itself. Nor did the Town appeal the site plan for Phase II.

The site plan shows that the site is proposed to be built up to increase the flat area at the level of Route 14, by the use of a retaining wall to be built in the location shown on the site plan along the right-of-way of West Mill Hill Road. The retaining wall is proposed to be built in a stepped-back fashion, using heavy two-foot-thick reinforced concrete slabs salvaged from nearby bridge reconstruction. Defendant-Appellant estimates that the project will use a thousand of these slabs, and has received approximately 500 of them on

2

the property to date.  If he did not have these slabs, it would cost him $200 to $250 per slab to replace them.  Defendant-Appellant had first stacked the slabs within the right-of-way of West Mill Hill Road, and then moved them farther onto the property when he was asked to move them out of the right-of-way.

No evidence was presented suggesting that the storage or stacking of materials for an approved and permitted project requires an additional permit, beyond that for the project itself, or that the approved site plan in this case contained any such conditions.  Appellant proposes to stack the new shipment of slabs, and has already stacked or re-stacked the existing slabs, so they are stepped back into the hillside from West Mill Hill Road towards Route 14. However, the second delivery of slabs will result in a stack that rises near the elevation of Route 14.  The Town is concerned with the safety of stacking these slabs, each weighing some 10,000 pounds, to such a height, but did not present any engineering testimony that the stacking could not be made stable.  Neither the notice of violation nor the complaint in this matter addresses either the question of the safety of the stacks of slabs, or whether the stacks violate any conditions of the site plan approval.

Because the first delivery of slabs had to be moved from the right-of-way and stacked higher in the more limited space remaining, the stacks exceeded the height to which Defendant-Appellant's construction equipment could maneuver them.  Therefore, he used some of the slabs to build what he characterizes as a construction ramp to allow his equipment to drive up to the top of the stack.  He placed earth on top of the stepped-back slab ramp to allow the metal caterpillar tracks of his construction equipment enough traction to climb to the top of the stack of slabs without slipping on the concrete edge.  The Town characterizes the stacked slabs and the earth-covered ramp as a "retaining wall" built in a place not permitted by the site plan.  The stack of slabs and the approach ramp are intended to be temporary, for use during construction only.  Defendant-Appellant is actively engaged in excavating the location of the designed retaining wall to begin placing the slabs in the approved location of the designed retaining wall and building the wall.

The only condition or proposal shown on the site plan itself related to the stability of the soils on the site is found in a box to the left of the site plan, directly under the north-south directional arrow.  That condition states in full: "the slope will be stabilized in

3

accordance to [sic] "Vermont Handbook for Soil Erosion and Sediment Control on Construction Sites" to be determined as soil conditions of the site are discovered." The Court finds that the excavated slope where the designed retaining wall is to be located is at present in an unstable condition, and that the sooner the retaining wall can be built and backfilled, the sooner the site can be stabilized. Beyond that general finding, the Court was not presented with evidence to support any specific findings as to the necessity for any specific actions to stabilize the site during construction. Therefore, the present order is specifically without prejudice to any enforcement the Town may wish to make of this condition, or any other condition of the site plan approval.

The Court finds from the evidence that the so-called retaining wall which is the subject of the Town's enforcement complaint is in fact a construction ramp and not a retaining wall. The Court therefore cannot determine the 'likelihood to succeed on the merits' necessary to support a preliminary injunction.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Petition for Preliminary Injunctive Relief is DENIED, without prejudice. However, at the hearing on the merits the Court will expect to receive engineering evidence to support the parties' respective arguments as to the safety and stability of the stacked slabs, and will expect to receive evidence of any conditions of the site plan approval applicable to this project.

Any amendments to the Complaint shall be filed on or before Monday, May 8, 2000. Unless the parties agree to a postponement, the hearing on the merits of the enforcement action and the merits of the appeal of the notice of violation is scheduled to begin on Monday, May 15, 2000 at 1:00 p.m., either at the Hartford Municipal Building, or at the State Courthouse in White River Junction, location to be confirmed as soon as it is known.

The appeal relating to Phase III of the project will be consolidated with these cases, so that evidence will not have to be duplicated, but at the May 15, 2000 hearing the Court will discuss with the parties whether it should be scheduled for hearing at a later date.

Dated at Barre, Vermont, at 9 a.m. this 1st day of May, 2000.

4

_____
Merideth Wright
Environmental Judge